ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| EMMANUEL MALDONADO MÁRQUEZ **Parte recurrida** v. MUNICIPIO DE LAS PIEDRAS **Parte peticionaria** | **TA2026CE00518** | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de **Humacao** Caso núm.: **LP2025CV00186** Sobre: Revisión Administrativa, Ley de Municipios Autónomos |
| --- | --- | --- |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 18 de mayo de 2026.

Comparece ante nos el Municipio de Las Piedras, en adelante, Municipio o peticionario, solicitando que revisemos la determinación del Tribunal de Primera Instancia, Sala Superior de Humacao, en adelante, TPI-Humacao, notificada el 12 de marzo de 2026. En la misma, el Foro Recurrido declaró *"No Ha Lugar"* una moción de desestimación incoada por el Municipio.

Por los fundamentos que expondremos a continuación, *denegamos* expedir el recurso solicitado.

**I.**

Según alega Emmanuel Maldonado Márquez, en adelante, Maldonado Márquez o recurrido, durante el año 2025 advino en conocimiento que el Municipio había identificado una propiedad, que ubica en el Barrio Ceiba Sur, Sector Fondo del Saco del Municipio, como posible estorbo público. Aunque la misma no consta inscrita en el Registro de la Propiedad, aparece en el Centro de Recaudación de Ingresos Municipales (CRIM) a nombre de

Celedonia Rosa Agosto, en adelante, Rosa Agosto. Sostuvo el recurrido que se encontraba en proceso de rehabilitar la propiedad para convertirla en su residencia principal. Por ello, realizó varias gestiones para obtener copia del expediente administrativo correspondiente. Ante la alegada negativa del Municipio a entregarle el expediente, el 26 de junio de 2025 presentó un pleito independiente sobre acceso a información pública, identificado como el caso civil LP2025CV00166, en el TPI-Humacao.

En dicho pleito, el Municipio manifestó que no tenía objeción en entregar la documentación solicitada. El expediente entregado incluía, entre otros documentos, la Ordenanza Municipal Núm. 19, Serie 2020-2021; una notificación de intención de declaración de estorbo público con fecha de 9 de diciembre de 2024; acuses de recibo de correo certificado; fotografías de la propiedad; un formulario de reclamación tardía; un edicto público; misivas del Centro para la Reconstrucción del Hábitat; la Resolución Núm. 36, Serie 2024-2025; un estado de cuenta del CRIM; correos electrónicos; una hoja de cotejo del expediente y notas relacionadas con el caso.

En la vista celebrada el 18 de julio de 2025, el Municipio adujo que la Resolución Núm. 36, Serie 2024-2025, constituía la resolución mediante la cual se declaró la propiedad como estorbo público. Sin embargo, el recurrido ripostó que dicho documento únicamente autorizaba al Alcalde del Municipio a presentar peticiones de expropiación forzosa respecto a determinadas propiedades presuntamente ya declaradas estorbo público. A base de lo anterior, el demandante solicitó al TPI-Humacao que declarara con lugar la demanda, determinara que la propiedad no había sido declarada estorbo público conforme a derecho, por falta de una resolución final debidamente notificada, y ordenara a la Legislatura Municipal de Las Piedras a enmendar la Resolución

Núm. 36, Serie 2024-2025, para excluir la propiedad del listado de inmuebles autorizados para expropiación.

Posteriormente, siendo el 21 de julio de 2025, el TPI-Humacao emitió una *"Sentencia"* declarando *"Ha Lugar"* la petición de Maldonado Márquez, por haber cumplido el Municipio con lo solicitado.

Inconforme, el 24 de julio de 2025, Emmanuel Maldonado Márquez presentó una demanda sobre revisión administrativa y estorbo público contra el Municipio de Las Piedras.[1] En esta, planteó que entre los documentos entregados no constaba una resolución final que declarara formalmente la propiedad como estorbo público ni la notificación de dicha resolución mediante correo certificado.

El 24 de septiembre de 2025, el Municipio de Las Piedras presentó una *"Moción en Solicitud de Desestimación por Falta de Legitimación Activa y por Dejar de Acumular Parte Indispensable".[2]* En síntesis, solicitó la desestimación de la demanda al amparo de la Regla 10.2(5) y (6) de Procedimiento Civil, por entender que el demandante carecía de legitimación activa para reclamar derechos sobre la propiedad y porque no acumuló a los demás integrantes de la comunidad hereditaria. El Municipio alegó que la propiedad pertenecía a Susano Márquez Gómez y a Rosa Agosto, quienes fallecieron el 16 de diciembre de 1974 y el 8 de octubre de 1997, respectivamente. Añadió que el demandante únicamente alegó ser nieto de dichos titulares, pero no presentó testamento, declaratoria de herederos ni poder notarial que acreditara su facultad para actuar en representación de la sucesión o de los demás coherederos.

---

[1] SUMAC, Entrada Núm. 1.
[2] SUMAC, Entrada Núm. 6.

Asimismo, el Municipio sostuvo que notificó preliminarmente, por correo certificado con acuse de recibo, a la persona que figuraba en el CRIM y en el Registro de la Propiedad. Afirmó que, ante la inacción de la titular o de alguna persona con interés, procedió a declarar la propiedad como estorbo público el *18 de marzo de 2025*. Según el Municipio, Maldonado Márquez no compareció hasta el 22 de abril de 2025, fuera del término dispuesto por ley para reclamar u oponerse, momento en el cual acudió ante el Municipio y alegó que el inmueble le correspondía por ser heredero de sus abuelos. Además, razonó que los demás coherederos constituían partes indispensables, pues cualquier determinación sobre la propiedad podía afectar los intereses de la comunidad hereditaria.

El 17 de octubre de 2025, el Maldonado Márquez presentó una *"Moción en Oposición a Moción de Desestimación".*[3] Sostuvo que, pese a sus solicitudes previas, el Municipio no había producido una resolución final que declarara la propiedad como estorbo público. Planteó que los documentos entregados por el Municipio en el caso LP2025CV00166 no incluían una resolución de declaración de estorbo público firmada por un funcionario municipal u oficial examinador. Por ello, sostuvo que la publicación de un edicto en marzo de 2025 no subsanó la ausencia de una resolución final ni la falta de notificación adecuada a las personas con interés.

El 12 de marzo de 2026, notificada ese mismo día, el Tribunal de Primera Instancia emitió una orden mediante la cual declaró *"No Ha Lugar"* la moción de desestimación presentada por el Municipio.[4]

---

[3] SUMAC, Entrada Núm. 8.
[4] SUMAC, Entrada, Núm. 19.

El 20 de marzo de 2026, el Municipio presentó una *"Solicitud de Reconsideración y Moción a Tenor con las Disposiciones de la Regla 47 de Procedimiento Civil".*[5] Por su parte, el 22 de marzo de 2026, Maldonado Márquez se opuso a la misma.[6]

El 27 de marzo de 2026, notificada ese mismo día, el Tribunal de Primera Instancia emitió una orden mediante la cual declaró *"No Ha Lugar"* la reconsideración solicitada por la parte peticionaria.[7]

Así las cosas, el 27 de abril de 2026, el Municipio de Las Piedras acudió ante este Tribunal mediante *"Petición de Certiorari".* En su recurso, el Municipio formuló un el siguiente señalamiento de error:

**ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR "NO HA LUGAR" LA MOCIÓN DE RECONSIDERACIÓN PRESENTADA POR EL MUNICIPIO DE LAS PIEDRAS RESPECTO A LA DENEGATORIA DE SU MOCIÓN DE DESESTIMACIÓN.**

Mediante *"Resolución"* del 28 de abril de 2026, concedimos a la parte recurrida hasta el 7 de mayo de 2026 para oponerse a la expedición del recurso, conforme a lo dispuesto en la Regla 37 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 56-57, 215 DPR ___ (2025). Llegado el día límite señalado para ello, Maldonado Márquez presentó su *"Oposición a Expedición de Certiorari".*

Perfeccionado el recurso de autos, y con el beneficio de los escritos de ambas partes, procedemos a expresarnos.

## II.

### A. Certiorari

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una

---

[5] SUMAC, Entrada Núm. 23.
[6] SUMAC, Entrada Núm. 24.
[7] SUMAC, Entrada Núm. 25.

decisión de un tribunal inferior. *Allio v. Santiago Chardón*, 2026 TSPR 13, 217 DPR ___ (2026); *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174-175 (2020). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
> [. . .]

Según se desprende de la citada Regla, este Foro Apelativo podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia,

entre otras contadas excepciones. *Allio v. Santiago Chardón,* supra; *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 710-711 (2019).

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra*, este Tribunal procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, pág. 59. La mencionada Regla expone los criterios que esta Curia deberá considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 209; *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372 (2020); *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96-97 (2008).

Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra. Torres González v. Zaragoza Meléndez*, supra, pág. 848. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*In re Aprob. Enmdas. Reglamento TA*, supra, pág. 63. *Allio v. Santiago Chardón,* supra; *BPPR v. SLG Gómez-López,* 213 DPR 314, 337 (2023).

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el Foro Apelativo evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *W.M.M., P.F.M. et al. v. Colegio*, 211 DPR 871, 902-903 (2023); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000); *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992).

### B. Legitimación Activa

El concepto legitimación activa se ha desarrollado en la jurisdicción federal al amparo del Artículo III de la Constitución de los Estados Unidos. Su fundamento descansa en que los

tribunales federales sólo atienden controversias judiciales, y no pueden ofrecer opiniones consultivas. *Food and Drug Administration v. Alliance for Hippocratic Medicine*, 602 US 367, 378 (2024); *Carney v. Adams*, 592 US 53, 58 (2020).

Al igual que ocurre en la jurisdicción federal, en Puerto Rico, la revisión judicial solo puede ejercerse en un caso o controversia. *Rivera et al. v. Torres et al.*, 214 DPR 111, 132 (2024); *Hernández Montañez v. Parés Alicea*, 208 DPR 727, 738 (2022); *Aponte Rosario et al. v. Pres. CEE,* 205 DPR 407, 452 (2020); *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920, 932 (2011); *Fund. Surfrider y otros v. ARPe*, 178 DPR 563, 571 (2010); *Romero Barceló v. ELA*, 169 DPR 460, 475 (2006); *E.L.A. v. Aguayo*, 80 DPR 552, 558–559 (1958). Como elemento esencial para la adjudicación de los méritos de una controversia, el principio de justiciabilidad impone a los tribunales el deber de examinar si la parte que acude a su auxilio ostenta legitimación activa para actuar de conformidad. *Rivera et al. v. Torres et al*; supra; *Hernández, Santa v. Srio. de Hacienda*, 208 DPR 727, 738-739 (2022).

El concepto de la legitimación activa se define como "la capacidad que se le requiere a la parte promovente de una acción para comparecer como litigante ante el tribunal, realizar con eficiencia actos procesales y, de esta forma, obtener una sentencia vinculante". *DACo v. LUMA Energy*, 2025 TSPR 126, 216 DPR ___ (2025); *Bhatia Gautier v. Gobernador*, 199 DPR 59, 69 (2017). El propósito de la legitimación activa es que el tribunal se asegure de que la parte reclamante tiene un interés genuino, va a perseguir su causa vigorosamente y que todos los asuntos pertinentes serán presentados ante la consideración del juzgador. *Pérez Rodríguez v. López Rodríguez et al.,* 210 DPR 163, 178-179 (2022).

Así, la parte que solicita un remedio judicial debe demostrar que: (1) ha sufrido un daño claro y palpable; (2) el daño es real,

inmediato y preciso, no abstracto o hipotético; (3) existe una conexión entre el daño y la causa de acción ejercitada, y (4) la causa de acción surge al palio de la Constitución. *DACo v. LUMA Energy*, supra; *Hernández Montañez v. Pares Alicea*, supra, pág. 739; *Bhatia Gautier v. Gobernador*, supra, pág. 69; *Fund. Surfrider y otros v. A.R.Pe.*, supra, pág. 572; *Sánchez et al. v. Srio. de Justicia et al.*, 157 DPR 360, 371 (2002).

### C. Falta de Parte Indispensable

El Tribunal Supremo ha reiterado que una parte indispensable es:

> [A]quella que tiene tal interés en la cuestión envuelta en la controversia que no puede dictarse un decreto final entre las partes en la acción sin lesionar y afectar radicalmente su interés, o sin permitir que la controversia quede en tal estado que su determinación final haya de ser inconsistente con la equidad y una conciencia limpia.
>
> *FCPR v. ELA et al.*, 211 DPR 521, 531 (2023), citando a *Cirino González v. Adm. Corrección et al.*, 190 DPR 14, 46 (2014).

Al respecto, la Regla 16.1 de Procedimiento Civil, *supra*, establece que "[l]as personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas, según corresponda". El interés común al que se refiere no es a "cualquier interés en el pleito, sino que tiene que ser un interés real e inmediato, no especulativo ni a futuro, que impida la confección de un remedio adecuado porque podría afectar o destruir radicalmente los derechos de esa parte ausente". *Oriental Bank v. Pagán Acosta et al.*, 2024 TSPR 133, 215 DPR ___ (2024); *Inmob. Baleares et al v. Benabe et al,* 214 DPR 1109, 1119 (2024); *RPR & BJJ, Ex Parte,* 207 DPR 389, 408 (2021).

La parte indispensable tiene que ser traída por la demandante, fundamentado en que su omisión violentaría el

derecho constitucional al debido proceso de ley de no ser privado de libertad o propiedad. *García Colón et. al. v. Sunc. González*, 178 DPR 527, 550 (2010). No acumular una parte indispensable, ya sea como demandante o demandado, priva de jurisdicción al tribunal y cualquier sentencia emitida será considerada nula. *FCPR v. ELA et al.,* 211 DPR 521, 532 (2023).

### III.

El Municipio aduce que el TPI-Humacao se equivoca al darle continuidad al caso de epígrafe. Sostiene que la desestimación del mismo procedía al amparo de sus argumentos sobre legitimación activa y parte indispensable. Este Tribunal ha evaluado la normativa que encausa ambas materias, el tracto del caso y la etapa de los procedimientos. Nuestra apreciación es que el caso de autos está en una etapa muy prematura. Existen cuestiones de fundamental importancia que aún restan por ser establecidas, como por ejemplo, precisamente, los asuntos de legitimación activa.

Luego de un examen sosegado del expediente ante nos, y conforme a la norma que nos obliga a determinar nuestra facultad de evaluar un recurso como este, nos vemos impedidos de expedir el mismo. Además, lo cierto es que no hemos identificado perjuicio, parcialidad o abuso de discreción en la determinación del TPI-Humacao.

Según lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra*, y los criterios evaluativos de la Regla 40 de nuestro Reglamento, *supra*, estamos impedidos de entrar en los méritos de la polémica ante nos, si no se demuestra fracaso irremediable de la justicia. Así, no hemos encontrado razón en derecho que justifique nuestra intervención en esta etapa de los procedimientos.

## IV.

Por los fundamentos antes expuestos, *denegamos expedir el recurso de autos.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones